UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ANOOSH RAKHSHANDEH | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | |
| TEXAS TECH UNIVERSITY | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Anoosh Rakhshandeh, Plaintiff, complaining of Texas Tech University, Defendant, and for cause of action would respectfully show the Court as follows:

1. Plaintiff is a permanent resident of the United States and a resident of the State of Texas.

2. Defendant is a state university that operates a business in Lubbock County, Texas. Defendant may be served with process by service upon its president, Lawrence Schovanek, at 115 Administration Building, Box 42005, Lubbock, Texas 79409.

3. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended (hereinafter referred to as "CRA").

4. This Court has jurisdiction of this action pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

5. Venue is proper in the Northern District of Texas under 28 U.S.C. §1391(b).

6. Plaintiff has satisfied all conditions precedent to initiating this court action.

7.      Plaintiff is a former employee of Defendant. Plaintiff was, at all times relevant to this cause of action, an eligible employee under the CRA.

8.      Defendant is an employer under the CRA.

9.      Plaintiff has been employed by Defendant as an assistant professor from February 1, 2013 through to the date of the filing of this complaint.

10.     The Defendant has violated the CRA by discriminating against Plaintiff on the basis of his national origin (Iranian/Middle Eastern) and religion (non-Christian). Specifically, Plaintiff was denied tenure, was not allowed an extension of time to complete one part of his tenure application that would satisfy pending tenure requirements despite meeting all other requirements, was subject to a hostile work environment and was otherwise treated differently than similarly situated employees of Defendant within Plaintiff's department who were outside of nationality or religion. Plaintiff's issues began in June or July 2013 after Plaintiff's supervisor, Dr. Michael Orth and/or his wife, asked Plaintiff detailed questions about Plaintiff's religious beliefs. After that interaction, Dr. Orth, a devout Christian, became cold and distant towards Plaintiff. From and after that point, Plaintiff was given the cold shoulder within the department. Additionally, throughout Plaintiff's time in the department, Dr. Orth made a number of statements indicating that he did not like the nation of Iran or its leaders. During Plaintiff's probationary period, he suffered personal circumstances and a medical condition that qualified for an extension of the tenure clock. However, Dr. Orth made no extension offer to Plaintiff, nor did he make Plaintiff aware of the extension option despite having full knowledge of Plaintiff's situation and despite doing so for others suffering less serious events/circumstances. Dr. Orth's treatment of Plaintiff came to a head when Plaintiff applied for tenure. Dr. Orth actively engaged in a course of behavior to derail Plaintiff's application and to

prevent him from becoming tenured. As a result of these actions and discriminatory and disparate treatment directed towards Plaintiff, Plaintiff was denied tenure. Plaintiff brought these issues to Defendant's attention on multiple occasions but Defendant made no effort to correct or otherwise address the discriminatory treatment towards Plaintiff.

11.     The Defendant has violated the CRA by discriminating against Plaintiff on the basis of his national origin and religion.

12.     The unlawful conduct of Defendant, as described above, has caused and will continue to cause Plaintiff harm.  As a result of Defendant's conduct, Plaintiff has suffered damages in the form of lost wages and benefits, as well as severe mental anguish and/or other non-economic damages.

13.     Plaintiff is entitled to recover from Defendant installment of his faculty appointment at the level of tenured associate professor. Plaintiff is also entitled to recover the value of the lost wages and lost benefits incurred as a result of Defendant's conduct, as the mental anguish and other non-economic damages, as well as liquidated/punitive damages, interest on such amount and such other and further equitable relief that the Court deems appropriate, for which claim is hereby made.

14.     Plaintiff is also entitled to recover from Defendant reasonable attorney's fees and other litigation expenses, for which claim is hereby made.

    WHEREFORE, Plaintiff prays that Defendant be served with and answer the claims asserted herein and that, on final trial, Plaintiff be awarded judgment against Defendant for actual damages, liquidated/exemplary damages, equitable relief, prejudgment and post-judgment interest as allowed by law, attorney's fees, cost of court and such other and further relief to which Plaintiff may show himself justly entitled.

                                        Respectfully submitted,

                                JOHNSTON & MILLER
                                Attorneys at Law
                                1212 13th Street, Ste. 101
                                Lubbock, Texas 79401
                                Telephone: (806) 785-1499
                                Facsimile: (806) 762-6901
                                Email:  jcraig@nts-online.net


                     By:    /s/ J. Craig Johnston
                           J. Craig Johnston
                           SBN 00787784


## **JURY DEMAND**

Plaintiff respectfully requests a Jury Trial.


                               /s/ J. Craig Johnston
                               J. Craig Johnston