IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ANOOSH RAKHSHANDEH, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | No. 5:20-CV-00110-BQ |
| § | | |
| TEXAS TECH UNIVERSITY § | | |
| Defendant. § | | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
12(b)(1) & 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE D. GORDON BRYANT:

Defendant Texas Tech University ("TTU") files this Reply to Plaintiff's Response to Defendant's 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint, and in support thereof, would show the Court as follows:

### I.  ARGUMENT & AUTHORITIES

**A.  Plaintiff has failed in his burden to establish this Court's jurisdiction.**

Plaintiff can't have his cake and eat it too. If Plaintiff wishes to complain that TTU discriminated against him by denying him tenure he must have actually been denied tenure. But Plaintiff concedes that but for his withdrawal of his tenure application it would have undergone further review at higher levels of TTU. (Dkt. 23 at 8, 10; Dkt. 26 at 5). The Court need look no further. If no final decision was ever made because Plaintiff interrupted TTU's process, Plaintiff cannot complain of the very decision that he himself prevented.

Plaintiff attempts to argue that he was essentially constructively denied tenure or forced to withdraw his application despite the fact no decision was ever made. However, he has cited no law

(and Defendant's counsel can find none) that recognizes such a claim. Plaintiff argues that despite the fact he was informed that he could continue to seek review of his tenure at a higher level, it was inevitable that TTU would ultimately deny his tenure application. Plaintiff's Amended Complaint and the evidence before the Court belies this argument. First, it is undisputed that but for Plaintiff's voluntary withdrawal, Plaintiff's tenure application would have proceeded to higher levels of review who had the authority to overturn the lower recommendations. (Dkt. 23 at 8, 10). Plaintiff further contends that "Plaintiff was qualified for tenure and promotion both according to the standards defined by OP 32.31, as well as the measures used to evaluate the applications of other faculty who either preceded Plaintiff or who applied for tenure at the same time as Plaintiff." (Dkt. 20 at 4). But Plaintiff makes no allegation that the dean of the college, the provost, or the president held any discriminatory animus against him. Thus, Plaintiff has not alleged that the higher levels of review would have been futile because he contends that he was qualifies and does not raise a plausible claim that those higher levels of review were possessed of discrimination. Therefore, Plaintiff has failed to plead facts to support the reasonable inference that he would have ultimately been denied tenure based on discriminatory animus had he let the process continue. Because no final decision on Plaintiff's tenure application was ever made, Plaintiff lacks standing or Plaintiff's claims are not ripe for review.

    **B.  Plaintiff has failed to plead that he was qualified for tenure.**

Plaintiff goes to great length describing the efforts he made in various academic areas. (*See* Dkt. 20 at 4–7). In each section, he then concludes that these efforts met or exceeded the requirements of TTU. (*See* Dkt. 20 at 4–7). However, nowhere does he allege what those requirements are. It is not for the Court to judge what should or shouldn't be "enough." *See Widmar v. Vincent*, 454 U.S. 263, 276 (1981) (holding that it is for the schools to decide "who may

teach, what may be taught, how it shall be taught, and who may be admitted to study"). Instead, Plaintiff must plead facts (not make conclusions) to support the inference that he met or exceeded TTU's qualifications for tenure. Without Pleading what TTU's requirements are, the inferential leap Plaintiff asks the Court to make is simply unsupported.

As this Court, and the Fifth Circuit, have recognized, facts which support a *prima facie* showing of qualification for tenure includes that "the plaintiff is found to be qualified for tenure by some significant portion of the department faculty, referrants, or other scholars in the particular field." *Yul Chu v .Miss. State Univ.*, 592 F. App'x 260, 265 (5th Cir. 2014) (quoting *Tanik v. S. Methodist Univ.*, 116 F.3d 775, 776 (5th Cir. 1997)) (cleaned up). But in his Response, Plaintiff acknowledges that "the tenured faculty had voted unanimously against tenure." Finally, Plaintiff does not, alternatively allege that any other referrants or other scholars in his field outside TTU find him to be qualified for tenure.

Thus, even viewing all allegations in Plaintiff's favor, there simply are not sufficient facts plead to support the reasonably inference that Plaintiff is qualified for tenure and Plaintiff's claims should be dismissed.

C. **Plaintiff's claims must be dismissed because he fails to allege facts sufficient to support the inference that he was treated less favorably than those outside his protected class.**

"The plaintiff is the master of [his] complaint." *Cody v. Allstate Fire & Casualty Ins. Co.*, 19 F.4th 712, 715 (5th Cir. 2021) (internal quotes omitted). As such, While Title VII does not require plaintiffs to meet a heightened pleading standard, they must plead facts sufficient to support the reasonable inference that the defendant is liable for the misconduct alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Ashcroft v.* Iqbal, 556 U.S. 662, 678 (2009). In this case, Plaintiff fails to allege facts sufficient to create the requisite inference for his Title VII

claim. In his Response, Plaintiff improperly attempts to shift his pleading burden to Defendant, asking this Court to defer ruling on his discrimination claim until he can identify a comparator (through burdensome discovery). )*See* Dkt. #26 at 7–10). But it is Plaintiff's responsibility to provide *facts* that are sufficient to support the reasonable inference that Defendant treated those outside plaintiff's protected class more favorably. *See Iqbal*, 556 U.S. at 678. The mere recitation of the elements of a cause of action does not create the reasonable inference that a comparator exists.

Here, Plaintiff offers merely conclusory assertions, to which no deference is owed. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Plaintiff's Complaint offers only wholly conclusory assertions that those "outside of Plaintiff's class" were granted extensions of time and tenure. *See, e.g.*, Dkt. #20 at ¶10. But that is not enough to meet his burden. Plaintiff has identified no individual by name, department, supervisor, job title, job responsibilities, or any other metric which could support the inference that any similarly situated individual was treated differently. Plaintiff must plead fact that, taken as true, demonstrate that a comparator exists. Lacking such allegations Plaintiff's claims must be dismissed.

While it is true that the Court "must accept the well-pleaded facts . . . as true and construe the allegations int he light most favorable to [the plaintiff]," the factual allegations giving rise to an inference of discrimination still must be contained in the pleading. Here, Plaintiff's Amended Complaint contains no factual allegations—even taken in the light most favorable to the Plaintiff— to create the reasonable inference of discrimination. As the Supreme Court put it, Plaintiff's Compliant "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (internal quotation

marks omitted). Plaintiff's "threadbare recital[] of a cause of action's elements, supported by mere conclusory statements" is not enough to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 663 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Here, Plaintiff's pleadings fall far short.

Moreover, Plaintiff's bald attempt to cure his pleading deficiencies by attaching his own affidavit to his Response merely emphasizes the fatal deficiencies of his Complaint. That to which Plaintiff testifies in response to a Motion to Dismiss does not alter what Plaintiff pled. On this basis alone, Plaintiff's Title VII claim should be dismissed.

## II.     CONCLUSION

For these reasons, Texas Tech University respectfully requests that this Court DISMISS Plaintiff's claims in their entirety.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief - General Litigation Division

/s/ *William D. Wassdorf*
**WILLIAM D. WASSDORF**
Texas Bar No. 24103022
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
will.wassdorf@oag.texas.gov
*Counsel for Defendant*
*Texas Tech University*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF, on February 17, 2022 to:

J. Craig Johnston
JOHNSTON & MILLER
1212 13th Street, Ste. 101
Lubbock, Texas 79401
jcraig@nts-online.net
*Counsel for Plaintiff*

/s/ *William D. Wassdorf*
WILLIAM D. WASSDORF
Assistant Attorney General